Requestor: Susan S. Cooney, Esq., Corporation Counsel City of Canandaigua 70 North Main Street Canandaigua, New York 14424
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have inquired whether a conflict of interests results under certain circumstances. You have stated that the City of Canandaigua utilizes both paid firefighters and three volunteer fire companies. The volunteer fire companies elect an assistant chief who receives reimbursement of his expenses from the city. You have informed us that one assistant chief runs a tow truck service. His tow truck is equipped with a flashing light and he utilizes it in his official capacity as assistant chief to go to the scene of automobile accidents where firefighting services are required. The city maintains a list of towing companies utilized by police officers to assist automobile accident victims where no particular tow company is requested by the vehicular owner. In order to avoid a conflict of interests, the assistant chief is not permitted to be placed on this list.
In some cases, however, in that the assistant chief is on the scene with his tow truck, the victim may request that he do the towing. You ask whether the assistant chief would have a conflict of interests under these facts. Also, you ask whether a conflict would exist if other city personnel were to suggest that the towing job be given to the assistant chief. You have indicated that there is nothing in the city's code of ethics prohibiting this practice.
It is our view that the assistant chief should refrain from soliciting or accepting private towing work at such an accident scene. The assistant chief is in a position to receive such business essentially on account of his service to the city as the assistant chief of a volunteer fire company who is at the accident scene in his official capacity. Unavoidably, the assistant chief would be utilizing his official position in order to further his private pecuniary interests. In our view, this creates at least an appearance of impropriety. Cf., Public Officers Law § 74(3)(c), (d).
We conclude that the assistant chief of a volunteer fire company should not solicit or accept private towing work at an accident scene where he appears in his official capacity.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.